

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | * | JUDGE CLEMENT |
| **WILLIAM J. HENDERSON, POSTMASTER GENERAL** | * | MAGISTRATE WILKINSON |
| | * * * | |

### REPLY MEMORANDUM
### TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, William J. Henderson, Postmaster General, files this Reply Memorandum in response to arguments asserted by Plaintiff in her Opposition Memorandum to Defendant's Motion to Dismiss and Motion for Summary Judgment. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgment.

-1-



I.  **This Court lacks subject matter jurisdiction over Plaintiff's claims which allegedly transpired before August 4, 1997.**

In support of his motion to dismiss, Defendant argued that Plaintiff's claims, that Pierce touched her buttocks on 3 separate occasions and that Pierce bit her on the shoulder, constitute discrete acts which should have alerted her that she needed to protect her rights. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at page 13. In her opposition memorandum, Plaintiff, for the first time, accuses Defendant of "actively misleading" her with respect to her EEO rights, and therefore, she claims the 45-day time period set forth in 29 C.F.R. § 1614.105(a)(1) should be tolled. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at page 4. Plaintiff claims that she was not aware of this 45-day time limit, and that she relied on the Defendant's posters, which do not provide this time limit to the employees.

The Fifth Circuit has specifically rejected Plaintiff's excuse as bases for equitable tolling. In Barrow v. New Orleans Steamship Association, 932 F.2d 473 (5th Cir. 1991), the plaintiff argued, *inter alia*, that he was entitle to equitable tolling because he was not represented by counsel and he was ignorant of the filing requirements. Id. at 478. The Fifth Circuit found none of the circumstances cited as a viable bases for equitable tolling. Id. at 478. "Moreover, lack of knowledge of applicable filing deadlines is not a basis for tolling. Neither is a plaintiff's unfamiliarity with the legal process nor his lack or representation

during the applicable filing period." Id. at 478, *citing* Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979); James v. United States Postal Serv., 835 F.2d 1265, 1267 (8th Cir.1988).

Plaintiff also claims that her supervisor, Mr. Williams, told her to file EEO charges, however he had warned her that she would be retaliated against, and that she was more vulnerable during her probationary period. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at page 2. However, in her response to interrogatories, Plaintiff stated that in June of 1997, Mr. Williams told her to file EEO charges even though she was in her probationary period. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit E, at page 2.

Plaintiff has also alleged that in May/June of 1997 her union steward referred her to the EEO. *See* Rec. Doc. 1, Complaint, ¶ 10.

Plaintiff ignores Defendant's assertion that she was no stranger to the EEO process at the Postal Service, having availed herself of the EEO process during the pendency of her application for employment. *See* Exhibit A, Declaration of Ellen St. Cyr; *see also* Exhibit F, Excerpts from Plaintiff's deposition. Plaintiff cannot now argue that she was intimated, as a probationary employee, to file an EEO charge, when she obviously was not intimated, as an applicant, to file an EEO charge.

The Fifth Circuit requires a plaintiff seeking to invoke the doctrine of equitable tolling to act diligently in protecting his rights. Wilson v. Secretary, Department of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995), *quoting* Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). Clearly Plaintiff herein has not acted diligently.

For the foregoing reasons and the arguments advanced in its original memorandum, Defendant respectfully requests that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted respective to Plaintiff's allegations which allegedly occurred before August 4, 1997.

## II. Plaintiff has not established that she was subjected to a hostile work environment.

### A. Plaintiff has not suffered a tangible employment action.

Defendant asserts that Plaintiff has not alleged that she suffered a tangible employment action, therefore her suit is classified as a "hostile environment" case. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at page 14. Plaintiff can neither prove that she was not given off on Labor Day in 1997, nor can she prove that she was denied emergency leave on September 14, 1997.

Plaintiff counters that Defendant's own exhibit does not support his assertion. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at page 5. However, Plaintiff cites Defendant's Exhibit A-4, which is Plaintiff's own narrative. Defendant based his assertions on Defendant's Exhibit B and B-5, wherein James Park testified that according to USPS policy, employees working on Tour 1 observed the Labor Day holiday on Sunday, August 31, 1997. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit B, at ¶ 15. The USPS records indicate that Plaintiff did not work the Labor Day holiday in 1997. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit B, ¶ 15.

Plaintiff also counters that the fact that an unscheduled absence was later withdrawn, does not negate the finding of a tangible employment action, however she cites no controlling legal authority for this assertion. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at page 5.

Plaintiff further claims that she suffered a tangible employment action because: (1) she was made a PTF which resulted in the loss of several paid holidays in 1998; (2) she was pulled off the clock on August 18, 1999, and missed 128 hours of work; and (3) in March of 2000, she was advised that her step increase would be denied. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at pages 5-6.

Plaintiff's assertion must fail for 2 reasons. First, Plaintiff has not submitted any competent evidence, save her own self-serving affidavit, which demonstrates that she in fact was subjected to the employment actions she complains of.[1] And second, even if Plaintiff could rely on her own allegations in this summary judgment motion, Plaintiff has not submitted any evidence which demonstrates a nexus between the tangible employment action she suffered and her rejection of Pierce's sexual harassment. *See* Casiano v. AT&T Corp., 213 F.3d 278, 283 (5th Cir. 2000). Therefore, it is clear that Plaintiff has not suffered a tangible employment action respective to her case *sub judice*.

### B. Defendant's conduct was not sufficiently severe or pervasive to alter the conditions of Plaintiffs employment.

Whether an environment is hostile or abusive is determined by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offense utterance, and whether it unreasonable interferes with an employee's work performance. Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). Because Plaintiff has not submitted any evidence that she suffered any tangible employment actions and she failed to seek EEO counseling within the 45-day time limit, Plaintiff's complaint amounts only to her assertions that Pierce made comments

---

[1] Rule 56 (e) provides in pertinent part: "[A]n adverse party may not rest upon the mere allegations, or denials of the adverse party's pleading." Fed. R. of Civ. Pro., Rule 56(e).

to her about "tall women," Pierce licking his lips, and Pierce staring at her. Pierce's conduct, if Plaintiff's allegations are accepted as true, consist of mere flirting and sexual innuendos, and do not support an allegation of an environment that is severe or pervasive. *See e.g.* Shepherd v. Comptroller of Public Accounts, 168 F.3d 871, 874 (finding no hostile environment where co-worker touched female's arm, attempted to look up her dress, made offensive remarks, made remarks about her nipples, and offered to let her sit on his lap); Gearhart v. Eye Care Centers of America, 888 F Supp 814, 825 (S D Tex 1995) (finding actions endured by female employee not severe or pervasive where supervisors made remarks about sex, brushed her breast, touched her hair, discussed seeing other women's breasts, and kicked her buttocks);

### C.  Defendant has properly set forth the necessary elements to establish the Ellerth/Faragher affirmative defense.

Even assuming that Pierce's alleged misconduct constitutes severe or pervasive sexual harassment, Defendant may still avoid vicarious liability by proving both prongs of the Ellerth/Fargher affirmative defense. Casiano, 213 F.3d at 284.

Plaintiff admits that both her supervisor, Williams, and her union steward advised her in May/June of 1997 to file EEO charges, but she did not accept their advice. Plaintiff was aware of the EEO process at the Postal Service, not only because of the orientation training

she received, but by the fact that she had participated in the EEO process while her application for employment was pending.

Defendant has submitted evidence that Pierce was immediately separated from Plaintiff by being moved to Tour 2, upon Plaintiff's complaints of sexual harassment. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit B, at ¶ 10; and Exhibit C at ¶ 4. After Plaintiff's allegations were made known to James Park in September of 1997, Pierce never acted as her supervisor. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit C. at ¶ 5. Further, James Park, the highest ranking supervisor on Tour 1, upon hearing of Plaintiff's complaints of sexual harassment, conducted an administrative investigation. *See* Rec. Doc. 18, Memorandum in Support of Defendant's Motion to Dismiss and Motion for Summary Judgment, at Exhibit B, at ¶ 8.

For the foregoing reasons and the arguments advanced in its original memorandum, Defendant respectfully requests that Defendant's Motion for Summary Judgement be granted respective to Plaintiff's hostile work environment claim.

### III. Plaintiff fails to state a claim of retaliatory discrimination.

#### A. Plaintiff fails to state a claim under Title VII respective to all claims which are not "ultimate employment actions."

Defendant submits that it is well established in the Fifth Circuit that when considering retaliation claims brought pursuant to Title VII, courts should only be concerned with "ultimate employment decisions." Mattern v. Eastman Kodak Co., 104 F.3d 702, 707 (5th Cir.), *cert. denied*, _ U.S. _, 118 S. Ct. 336 (1997); Dollis v. Rubin, 77 F.3d 777, 782 (5th Cir. 1995). Plaintiff responds by arguing that she did suffer such ultimate employment actions and lists various alleged actions taken against her. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at pages 8-9. However, Plaintiff does not submit any competent evidence to support her claims that these employment actions actually took place.

#### B. Plaintiff failed to establish a causal connection between the retaliatory actions she complains of and her September 1997 EEO complaint.

Plaintiff claims that Defendant has not "set up facts" to support this contention, and submits that she need not respond to this argument. *See* Rec. Doc. 20, Opposition to Motion for Summary Judgement, at page 8.

Defendant's job on a motion for summary judgment is to point out the absence of evidence critical to a Plaintiff's claim, where upon, Plaintiff must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See* Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct.

1348, 1356 (1986). Under Fifth Circuit law, it is the plaintiff who must prove 3 elements to carry her retaliation claim: (1) she engaged in an activity protected by Title VII; (2) the Defendant took adverse employment action against her, and (3) that a causal connection exists between that protected activity and the adverse employment action. Burger v. Central Apartment Mgmt., Inc., 168 F.3d 875, 878 (5th Cir. 1999). Plaintiff has only submitted conclusory statements and unsubstantiated assertions; Plaintiff has not met her burden. *See* Douglass v. United Services Auto Ass'n., 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*) (conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment).

## IV. Conclusion.

For the foregoing reasons, as well as those arguments advance in Defendant's Memorandum in Support of Motion to Dismiss and Motion for Summary Judgment, Defendant prays that his motion be granted, and that Plaintiff's complaint is dismissed.

Respectfully submitted,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

By: _____
SANDRA E. GUTIERREZ
Assistant United States Attorney
La. Bar Roll 17888
501 Magazine Street, Room 205
New Orleans, LA 70130-3395
(504) 589-2921

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 26th day of January, 2001.

_____
SANDRA E. GUTIERREZ

```
                                                              1

 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3


 4    * * * * * * * * * * * * *
      RESHONE M. STEWART         *      CIVIL ACTION
 5                Plaintiff      *      NUMBER 00-0114
      VERSUS                     *
 6                               *      SECTION "N" (2)
      WILLIAM J. HENDERSON,      *
 7    POSTMASTER GENERAL         *      JUDGE CLEMENT
                  Defendants     *
 8    * * * * * * * * * * * * *         MAGISTRATE WILKINSON

 9

10    Deposition of RESHONE M. STEWART, taken on Monday,
      November 6, 2000, in the offices of the UNITED STATES
11    ATTORNEY, Hale Boggs Federal Building, 501 Magazine
      Street, 8th Floor, New Orleans, Louisiana, 70130.
12

13    APPEARANCES:

14        Representing the Plaintiff:

15            MR. J. COURTNEY WILSON
              Attorney-at-Law
16            First National Bank of Commerce Building
              210 Baronne Street, Suite 1800
17            New Orleans, Louisiana 70112-1720

18
          Representing the Defendant:
19
              MS. SANDRA GUTIERREZ
20            Assistant United States Attorney
              Hale Boggs Federal Building
21            501 Magazine Street, 2nd Floor
              New Orleans, Louisiana 70130
22

23

24

25    Reported by:  Kenneth J. Tardiff, CCR
```

METROPOLITAN REPORTERS 365-0900



GOVERNMENT EXHIBIT F

1   Q.   What about these pages?
2   A.   I remember I had more to it than this.
3   Q.   Well, could you tell me what you have in front
4   of you?
5   A.   This is a -- like you said, information for
6   pre-complaint counseling.  This is the day that I
7   remember filing sexual harassment.
8   Q.   And what date is that?
9   A.   September 18th, 1997.
10  Q.   Is this called an informal complaint?
11  A.   Yes.
12  Q.   Is this the first step in the process of filing
13  an EEO administrative complaint with the United States
14  Postal Service?
15  A.   Yes.
16  Q.   Is this the first time you filed an informal
17  complaint with the United States Postal Service?
18  A.   Was this one the first one?
19  Q.   Yes.
20  A.   Yes.  Well, as a matter of a fact, let me back
21  up.  No.  I filed something -- there was one -- let's
22  see.  It had to be, I think, August of 1996, which I
23  wasn't even working at the Post Office.  They sent me
24  something saying I was disqualified for employment,
25  that's what it was.  I filed an EEO, which I never

```
 1  heard any more, but I know that was August of 1996.
 2      Q.  Okay.  You filed an EEO --
 3      A.  Another information for pre-complaint
 4  counseling.
 5      Q.  To the United States Postal Service?
 6      A.  Yes.
 7      Q.  Okay.  About what?
 8      A.  About me being disqualified for employment.
 9      Q.  Why was it alleged that you were disqualified
10  for employment?
11      A.  It was something in reference to a job that I
12  had through V.A. --
13      Q.  V.A., I'm sorry?
14      A.  V.A. Hospital, I was a temporary employee
15  there.  There was an incident when I was pregnant at
16  the time, when I was working there, and I had to leave,
17  and because I left, by you being a temporary employee,
18  you know, they can let you go at any time.  So, I had
19  an incident with my pregnancy and I had to leave work.
20  I had another employee come and work for me and they
21  told me that they had to let me go because, you know,
22  because I left the job or something like that.  Which I
23  had a supervisor that spoke on my behalf, but that's
24  another story.  But that was the reason for the Post
25  Office disqualifying me for employment.  I do remember
```

1    that I did file one of these in 1996.
2         Q.  So, you had already in 1996 filed your
3    application for employment?
4         A.  Yeah, I had been through the whole process.  I
5    was just getting my letters to come in for -- I had
6    been on my interview.  Yeah, I had been on my
7    interview, I did a lot of paperwork, I had did my drug
8    test.  I had did a lot, you know, I was just about in
9    the door, and that's when I received a letter saying
10   that I was disqualified due to integrity or something
11   that happened with the V.A. or something like that.
12        Q.  Do you recall what your EEO complaint was
13   about, what did you write, what was the basis of the
14   discrimination?
15        A.  I can't remember exactly what I wrote, but I
16   know there was another one.  You had asked me if this
17   was my first one and I know that there was another
18   one.
19        Q.  Do you recall when you first applied to work at
20   the United States Postal Service?
21        A.  I took the test --
22        Q.  That's alright.  I have an application here
23   that we're going to get to in a second.  It will
24   refresh your memory.  Okay.  Back to Exhibit-G that I
25   had first referred you to, dated September 18th, 1997,

1  this was the first time that you filed sexual
2  harassment?  Wasn't August 1996 sexual harassment?
3      A.  No.
4      Q.  Okay.  Is this the first sexual harassment --
5      A.  Yes.
6      Q.  -- EEO complaint that you filed at the Postal
7  Service?
8      A.  Yes.
9      Q.  Okay.  Now, I want to show you two documents
10 and right here on Part-C it says "Description of
11 activity," asking you what it is that you're complaining
12 about.
13     A.  Okay.
14     Q.  Is this your handwriting: "See attachment-C"?
15     A.  Yes.
16     Q.  Okay.  I want to show you two documents, one
17 which I'm going to label "H" that actually has a "C" at
18 the top, which is in handwriting, "Description of
19 incident/activity."  Then another one dated September
20 17th, 1997, and then there's another one that doesn't
21 have that "C" on the top, but it's dated also September
22 -- I'm not really sure 15th or 17th, 1997 and maybe you
23 can identify this document for me.  They appear to be
24 the same statements.
25     A.  (Witness complies.)  Okay.

C E R T I F I C A T E

I, Kenneth J. Tardiff, Certified Court Reporter, in and for the State of Louisiana, do hereby certify that

RESHONE M. STEWART

after having been first duly sworn to testify to the truth, the whole truth, and nothing but the truth, did testify as hereinbefore set forth in the foregoing one hundred seventy (170) pages;

That the testimony was reported by me in shorthand and transcribed under my personal direction and supervision, and is a true and correct transcript, to the best of my ability and understanding;

That I am not of Counsel, not related to Counsel, nor to the parties hereto, and am in no way interested in the outcome of this event.

*Kenneth J. Tardiff*
Kenneth J. Tardiff, CCR
Certificate No. 75017
Certified Court Reporter
State of Louisiana