FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -7 PM 4: 46

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | * | JUDGE CLEMENT |
| **WILLIAM J. HENDERSON, POSTMASTER GENERAL** | * | MAGISTRATE WILKINSON |
| | * * * | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR EXTENSION OF TIME TO FILE EXPERT REPORT

**MAY IT PLEASE THE COURT:**

Defendant, William J. Henderson, Postmaster General, files this Opposition Memorandum in response to Plaintiff's Motion and Memorandum For Extension of Time to File Plaintiff Expert Report. *See* Rec. Doc. 26.

Plaintiff requests that she be allowed additional time within which to file her expert report, i.e. *after* the disposition of Defendant's pending motion for summary judgment.

-1-



However, the jury trial date in this matter is imminent: March 5, 2001. *See* Rec. Doc. 17. A pre-trial conference is presently scheduled for February 22, 2001, and consequently the Pre-Trial Order is due on February 20, 2001. *See* Rec. Doc. 17. If Plaintiff is allowed to postpone the filing of her expert report, Defendant will have insufficient time within which to prepare a proper and adequate defense opposing Plaintiff's allegations, including her damage claims. At her suggestion, Plaintiff's deposition was held open respective to her damages, until the disposition of Defendant's dispositive motion. Therefore, Defendant has little information respective to her damage claims.

In her instant motion, Plaintiff characterizes Defendant's expert report as an "unexpected submission." This statement is confusing because Plaintiff was examined on November 30, 2000, and thereafter, less than 2 weeks, Plaintiff began requesting a copy of Dr. Ginzburg's report, and even threatened to file a motion to compel. *See* Exhibits A and B, attached hereto. Although Dr. Ginzburg could not finalize his report until receipt of Plaintiff's expert report, Defendant did provided Plaintiff with his preliminary findings.

For the foregoing reasons, Defendant prays that Plaintiff's motion be denied, and that Plaintiff be ordered to file her expert report as set forth in this Court's scheduling order, or as soon as possible.

Respectfully submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

By: _____
SANDRA E. GUTIERREZ
Assistant United States Attorney
La. Bar Roll 17888
501 Magazine Street, Room 205
New Orleans, LA 70130-3395
(504) 589-2921

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 7th day of February, 2001.

_____
SANDRA E. GUTIERREZ

# J. COURTNEY WILSON
### ATTORNEY
*Of Counsel: Scheuermann & Jones*

First National Bank of Commerce Building
210 Baronne St., Suite 1800
New Orleans, LA 70112-1720

Telephone: 504-525-4361
FAX: 504-525-4380

12/20/00

Ms Sandra Gutierrez
(F) 589-3602

Re: R. Stewart

Ms Gutierrez,

The PTO requires delivery of the expert's report as soon as practicable. I requested it more than 1 week ago. Would a subpoena help?

Best wishes for the Holidays.

J C Wilson

GOVERNMENT EXHIBIT A



## U.S. Department of Justice

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Sandra E. Gutierrez*      *Hale Boggs Federal Building*      Telephone: (504) 680-3124
*Assistant United States Attorney*   *501 Magazine Street, Second Floor*   Fax: (504) 589-3602
                                    *New Orleans, LA  70130*

December 27, 2000

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:  ***Reshone M. Stewart versus William J. Henderson, Postmaster General,***
     USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

I write in response to your letter of December 20, 2000, wherein you requested a copy of Dr. Ginzburg's expert report. After your phone call the week before respective to same, I telephoned Dr. Ginzburg to relay your immediate desire for the report. Dr. Ginzburg assured me that he would deliver the report shortly, however, I have not received the report from him to date.

As far as issuing a subpoena for the expert report, I do not understand the legal basis for such motion. According to the Court's pre-trial order the plaintiff is to *first* deliver her expert report to the defendant. Our expert report is not due until February 14, 2001. And finally, our expert's report cannot be "final" until we receive a copy of the plaintiff's expert report.

I have no problem sending this report to you upon receipt, but I do not believe you have a basis for demanding the report at this time. Thank you for your attention.

Sincerely,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

SANDRA E. GUTIERREZ
Assistant United States Attorney

*Handwritten note:*
1/6/01 —
Ms Gutierrez ~
The PTO states
as soon as practicable
There will be no need
for a fl report if
J's expert is favorable

GOVERNMENT
EXHIBIT
B