FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 16  PM 4: 24

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RESHONE M. STEWART | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | * | JUDGE CLEMENT |
| WILLIAM J. HENDERSON, POSTMASTER GENERAL | * | MAGISTRATE WILKINSON |

\*    \*    \*

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME WITNESS AND EXHIBIT LISTS AND IN THE ALTERNATIVE MOTION TO CONTINUE TRIAL

**MAY IT PLEASE THE COURT:**

Defendant, William J. Henderson, Postmaster General, files this Opposition Memorandum in response to Plaintiff's Motion and Memorandum For Extension of Time to File Plaintiff Expert Report. *See* Rec. Doc. 31. Defendant vehemently opposes this motion because in granting Plaintiff's eleventh hour filing, Defendant will be denied a reasonable opportunity to prepare and defend against the evidence suggested therein.

-1-



Plaintiff moves for leave to file her witness and exhibit lists 3 weeks *before* trial, and 4 weeks *after* the discovery/deposition cut-off date. Plaintiff has listed eighteen (18) witnesses, some of which were included in Defendant's witness list, however 8 are not. If Plaintiff is allowed to call these witnesses Defendant will be denied a reasonable opportunity to prepare and defend this matter.

The days of trial by ambush are over. Shelak v. White Motor Company, 581 F.2d 1155 (5th Cir. 1978). Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through the scheduling order. Consistent with the authority vested in the trial court by Rule 16, the trial court has "broad discretion to preserve the integrity and purpose of the pretrial order." Accordingly, this Court issued a scheduling order to control discovery in the instant cases. *See* Rec. Doc. 17.

"Rule 16(e) instructs judges to enter pre-trial orders to define the scope of issues at trial. We have said that the district court should construe such orders narrowly because a 'failure to adhere to such a rule would bring back the days of trial by ambush and discourage timely preparation by the parties for trial.'" Riquelme Valdes v. Leisure Resource Group, Inc., 810 F.2d 1345, 1357 (5th Cir. 1987) (*quoting* Swift v. State Farm Mutual Auto Insurance Co., 796 F.2d 120 (5th Cir. 1986)). The basic policy of discovery is to prevent trial by ambush. *See* F&S Offshore, Inc. v. K.O. Steel Castings, Inc., 662 F.2d 1104, 1108 (5th Cir. 1981).

-2-

This Court's Order of December 7, 2000, states: "This court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion *for good cause shown*."(emphasis added).  *See* Rec. Doc. 17.  In her motion for leave, Plaintiff does not provide any reason for her failure to timely file her witness and exhibit lists.  *See* Rec. Doc. 31.

Plaintiff merely claims to have forgotten to supplement her discovery responses.  *See* Rec. Doc. 31.  Plaintiff was reminded on several occasions to supplement her discovery responses, but neglected to do so.  *See* Exhibit B.  In particular, Defendant attempted to compel Plaintiff to respond to Interrogatory number 20, which specifically requested her intended witnesses for trial, along with a summary of their expected testimonies.  *See* Defendant's First Set of Interrogatories, Exhibit A.

According to this Court's order, Plaintiff should have provided Defendant a copy of her pre-trial order inserts on February 12, 2001.  *See* Rec. Doc. 17.  The pre-trial inserts, of course, must include a list of witnesses coupled with a summary of the expected testimony of each.  *See* Rec. Doc. 17.  At the time of this writing, Defendant has not received Plaintiff's pre-trial inserts.  *See* Exhibits C.

*Less than 3 weeks before trial, Defendant is not privy to the expected testimony of 8 of her witnesses, which includes her expert.*  For the foregoing reasons, Defendant prays that

-3-

Plaintiff's motion be denied, or in the alternative that the trial of this matter be continued, sufficiently to permit Defendant his right to prepare.

Respectfully submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

By: _____

**SANDRA E. GUTIERREZ**
**Assistant United States Attorney**
La. Bar Roll 17888
501 Magazine Street, Room 205
New Orleans, LA  70130-3395
(504) 589-2921

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 16th day of February, 2001.

_____
SANDRA E. GUTIERREZ

-4-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RESHONE M. STEWART | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | | |
| | * | JUDGE CLEMENT |
| WILLIAM J. HENDERSON, | * | MAGISTRATE WILKINSON |
| POSTMASTER GENERAL | | |

\* \* \*

## DEFENDANT'S FIRST SET OF INTERROGATORIES

To:  *Reshone M. Stewart, plaintiff*
     *through attorney of record,*
     J. Courtney Wilson
     First National Bank of Commerce Building
     210 Baronne Street, Suite 1800
     New Orleans, LA 70112-1720

**YOU ARE HEREBY NOTIFIED** to answer, under oath, the Interrogatories set out below within thirty (30) days from the date of receipt thereof and to deliver such responses to: **Sandra E. Gutierrez, Assistant United States Attorney, Hale Boggs Federal Building, 501 Magazine Street, 2nd Floor, New Orleans, Louisiana 70130.**



GOVERNMENT
EXHIBIT

A

The following Interrogatories are to be deemed continuing pursuant to the fullest extent allowed by the Federal Rules of Civil Procedure.

As used herein, the following instructions and definitions shall apply:

## DEFINITIONS

1.    "You" and "Your" means **Reshone Stewart** and all representatives, persons or entities acting on behalf of or at the request of, plaintiff.

2.    "Incident" or "Incidents" refers to any incident or incidents of **sexual harassment and retaliation** which form the basis of your Complaint.

3.    "Communication" shall mean either oral or written communication.

4.    "Identify" or "Identification" when used with respect to any person or entity means to state his full name, his present or last known employment, his present or last known address, and his most recent telephone number.

5.    "Identify" or "Identification" when used with reference to a document means to state the type of document (e.g. lease, memoranda, contract, telegram, chart, etc.), its location and custodian, the date thereof. You may attach to your answers a copy of each document.

6.    "Document" means the original, any non-identical copy, or draft, or any written, printed, typed, recorded or graphic matter of any kind or nature, however produced or reproduced, whether or not sent, received, or otherwise transmitted, and including, but not limited to, all memoranda, reports, notes, transcripts, letters, telegrams, cables, handwritten notes, studies, work papers, diaries, summaries, microfilm, tapes, or tape recordings, computer disks or printouts, invoices, orders, or other compilations from which information can be obtained and translated, if necessary, into usable forms.

- 2 -

## INTERROGATORY NO. 1

Please provide the following personal information:  your full name, and any other names you have had in the last fifteen (15) years; your home address for the last fifteen (15) years; all persons living with you for the last fifteen (15) years at each home address; and your social security number

## INTERROGATORY NO. 2

Please state your family status, include:  the date and place of each marriage; the dates, manner and dissolution of any prior marriage; the names, ages and addresses of *any* children.

## INTERROGATORY NO. 3

Please give your employment history for the last fifteen (15) years, full-time and part-time employment, specifically state:

a.      Your positions, job titles, duties, and salary;

b.      The name of your immediate supervisor;

c.      Dates of employment respective to each position;

d.      Reasons for leaving each stated position cited.

## INTERROGATORY NO. 4

Identify any disciplinary actions, i.e., suspension, reprimand, and any negative evaluations or informal conferences, taken against you as an employee. Please specify your position at the time, the nature of the action, the reasons why this action occurred, and the name of your supervisor at that time. *purported abandonment (?)*

## INTERROGATORY NO. 5

Name each and every incident of **sexual harassment** which form the basis of your Complaint. Explain what transpired and include the **date, place, time, personnel involved**, and if there were any **witnesses** to the incident.

## INTERROGATORY NO. 6

Name each and every incident of **retaliation** which form the basis of your Complaint. Explain what transpired and include the **date, place, time, personnel involved**, and if there were any **witnesses** to the incident.

## INTERROGATORY NO. 7

Provide specific information explaining your assertion that **"he (Pierce) began to make her work more difficult"** as alleged in paragraph 8 of your Complaint. Please include

- 4 -

dates, place, time, and if there were any witnesses.

## INTERROGATORY NO. 8

Provide specific information explaining your assertions that **Pierce gave another woman the day off** as alleged in paragraph 9 of your Complaint. Include the identity of the other woman you refer to.

## INTERROGATORY NO. 9

Provide specific information explaining your assertions that **you complained to your union steward in May/June 1997** as alleged in paragraph 10 of your Complaint. Identify the manner of this complaint, written or oral, the union steward involved, and the specific contents of the complaint.

## INTERROGATORY NO. 10

Provide specific information explaining your assertions that **a co-worker told you that Pierce said he would get you when it was all over** as alleged in paragraph 11 of your Complaint. Include the identity the co-worker you refer to.

## INTERROGATORY NO. 11

Provide specific information explaining your assertions that **you filed a witness statement with the union on October 21, 1998** as alleged in paragraph 14 of your Complaint. Identify the reasons for giving the witness statement, to whom the statement was given, who has custody of this statement, and the specific contents of the witness statement.

## INTERROGATORY NO. 12

Provide specific information explaining your assertions that **your union steward began telling you, several times a week, that management referred to you as "trouble"** as alleged in paragraph 15 of your Complaint. Identify the manner of this communication used by the union steward to inform you, written or oral, the union steward involved, identify the management personnel involved, and the specific contents of the complaint.

## INTERROGATORY NO. 13

Provide explain your assertion that **your union steward told you that he has seen several e-mails from Trevor LNU in the Personnel Department trying to force you out of the mark** as alleged in paragraph 16 of your Complaint. Identify the union steward involved, the specific contents the e-mails, to whom were the e-mails addressed, and whether or not a copy of these e-mails exist today.

- 6 -

## INTERROGATORY NO. 14

Provide specific information explaining your assertions that **these disclosures have occurred for several months and the last was about mid July, 1999,** as alleged in paragraph 17 of your Complaint. Identify the nature of the disclosures, the dates of the disclosures, all personnel involved, and the specific contents the disclosures.

## INTERROGATORY NO. 15

Identify the nature and the extent of **your nightmares and depression (or reasons for taking anti-depressants)** you claim you have been suffering as alleged in paragraph 20 of your Complaint. Include the date the manifestations of theses maladies began and how they effect your daily activities.

## INTERROGATORY NO. 16

Identify **all** health care or related services providers who have examined or treated you for any reason, at any time within the past fifteen (15) years, including in your response the time period during which you were examined or treated by each such provider.

- 7 -

## INTERROGATORY NO. 17

Identify all health care or related services providers who have examined or treated you as a result of the incidents which form the basis of your Complaint. Include any physicians, therapists, or other health care provides who have examined or treated you as a result of the **nightmares and/or physicians dispensing the anti-depressants** you claim you have suffered in paragraph 20 of your Complaint.


## INTERROGATORY NO. 18

Identify all persons reasonably believed by you to have knowledge or information concerning the claims asserted in your Complaint. Include all persons you have contacted or have interviewed in preparation of your claim and whether or not you have obtained statements regarding the claims asserted in your Complaint. Include in your response the name and address of the person identified herein.


## INTERROGATORY NO. 19

Identify all documents you believe support your allegations against Defendant, as set forth in your Complaint.

- 8 -

## INTERROGATORY NO. 20

Identify all persons, include addresses and telephone numbers, who you may call as witnesses at the trial of this matter and summarize the expected testimony of each such person.

## INTERROGATORY NO. 21

Identify each person whom you expect to call as an expert witness at trial of this matter, or who has been retained or employed by you in anticipation of litigation or preparation for trial, even though such witness is not expected to be called as a witness at trial. State the subject upon which such expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for such opinion.

## INTERROGATORY NO. 22

Identify each and every effort you have made to obtain employment other than by Defendant within the past fifteen (15) years. This request includes, but is not limited to, the following information:

a)    sources of employment opportunities consulted;

b)    applications submitted or requested;

- 9 -

c)      offers of employment made but rejected (state the reason for rejection of offer); and

d)      attempts to start business.

## INTERROGATORY NO. 23

Have you ever been involved in any other legal action, either as a defendant or a plaintiff, including bankruptcy?  If so, please state:

a.      The date such action was filed, the name of the Court, the name of the other party or parties involved, the docket number of each such action, and the name of the attorney representing each party involved;

b.      A description of the nature of such action and the outcome.

Respectfully Submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

BY:

**SANDRA E. GUTIERREZ**
**Assistant United States Attorney**
LA Bar #17888
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone:  (504) 680-3124

- 10 -

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 9th day of August, 2000.

SANDRA E. GUTIERREZ

- 11 -

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Sandra E. Gutierrez*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA 70130*

*Telephone (504) 680-3124*
*Fax (504) 589-3602*

October 10, 2000

*via facsimile & U.S. mail*

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:   *Reshone M. Stewart versus William J. Henderson, Postmaster General,*
      USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

     To supplement our Rule 37 discovery conference held on this date, these are the specific objections I have to Plaintiff's responses:

     **Interrogatory No. 2:** Plaintiff's response is incomplete. Plaintiff does not state the place of her marriage nor does she state whether or not she has had previous marriages.

     **Interrogatory No. 3:** Plaintiff's response is incomplete. No dates are given. If Plaintiff cannot remember she should be able to approximate the year she worked at a particular place.
     Plaintiff also claims that this response is "a partial list" and that Defendant should "see SS records." This is not responsive. Plaintiff has waived any objection to any of these requests because of her untimeliness. Defendant has no obligation to conduct an independent investigation into Plaintiff's background, on the contrary, because these requests were timely and properly served on Plaintiff, it is the Plaintiff who has the obligation to fully respond.

     **Interrogatory No. 4:** Plaintiff's response is incomplete. Interrogatory No. 4 requested specific information regarding disciplinary actions. Rule 33 of the Federal Rules of Civil Procedure requires that responding parties respond fully and under oath.

GOVERNMENT
EXHIBIT
B

PENGAD-Bayonne, N.J.

J. Courtney Wilson, Esq.
October 10, 2000
Page - 2 -

The first sentence means nothing to Defendant. Please explain "except for the purported abandonment." Plaintiff's response should include all information requested in No. 4.

Plaintiff's second sentence is unacceptable. Once again Plaintiff has waived any objection to these requests and must respond fully. Plaintiff cannot escape her responsibility by passing the obligation of responding to the Defendant.

**Interrogatory No. 5:** Plaintiff's response is incomplete. Plaintiff's narrative fails to provide time periods as requested. Is this in chronological order? If Plaintiff is unable to recall the exact date, Plaintiff could approximate the time period and in some type of order.

Finally, Plaintiff refers to "attached." It is very difficult to identify which documents Plaintiff is referring to. It would be quite easy to separate all of the attached documents into specific exhibits and thereafter refer to the exhibit number. Presently it is very confusing.

**Interrogatory No. 6:** Plaintiff's response is incomplete. The request specifically asked that Plaintiff explain what transpired. Plaintiff's cryptic phrases are not helpful in understanding Plaintiff's retaliation claims.

**Interrogatory No. 8:** "See above" is not responsive. What specifically is Plaintiff referring to?

**Interrogatory No. 11:** Incomplete response. Plaintiff was asked to explain the reasons for giving the witness statement and that has not been answered. Who has custody of the statement at this time and who, specifically, would be her "co-workers" at that time has not been answered.

**Interrogatory No. 13:** Plaintiff simply responds "see above." Presumably Plaintiff refers to the last paragraph of her response to interrogatory number 5. Plaintiff refers to an attached document, with no details of its contents. Defendant cannot discern which document she refers to as there are several documents attached.

The specific contents of the e-mails, to whom were these e-mails addressed to, and whether or not these e-mails exist today was not answered.

**Interrogatory No. 15:** Plaintiff neglected to state when the nightmares and depression began and how they have effected her daily activities.

J. Courtney Wilson, Esq.
October 10, 2000
Page - 4 -

We also must choose another date for Plaintiff's deposition as soon as possible. Because the deadline for the filing of Defendant's summary judgment motion is October 31, 2000, I have set Plaintiff's deposition on October 24, 2000. Accordingly, under cover of letter please find the Notice of Deposition I have filed today with the Court.

Thank you for your attention.

Sincerely,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

SANDRA E. GUTIERREZ
Assistant United States Attorney

Enclosures

bcc:    Steve Coney

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Sandra E. Gutierrez*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA 70130*

*Telephone (504) 680-3124*
*Fax (504) 589-3602*

October 11, 2000

*via facsimile & U.S. mail*

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:    *Reshone M. Stewart versus William J. Henderson, Postmaster General,*
       USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

      I write in response to your October 10, 2000, correspondence and to your October 11, 2000, telephone message. As you know, our summary judgment deadline is October 31, 2000. Please suggest a realistic time that Plaintiff can furnish supplemental responses and thereafter a date for Plaintiff's deposition. Only after we agree on these dates should we move the Court for a second extension of the Court's deadlines.

      Thank you for your attention.

              Sincerely,

              EDDIE J. JORDAN, JR.
              UNITED STATES ATTORNEY

              SANDRA E. GUTIERREZ
              Assistant United States Attorney

cc:    Steve Coney, Esq.



**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Sandra E. Gutierrez*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA 70130*

*Telephone (504) 680-3124*
*Fax (504) 589-3602*

October 25, 2000

*via facsimile & U.S. mail*

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:    ***Reshone M. Stewart versus William J. Henderson, Postmaster General,***
       USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

I write to memorialize this week's events respective to Defendant's outstanding discovery requests and the scheduling of Plaintiff's deposition. Defendant's discovery requests were hand delivered on September 9, 2000. After receipt of incomplete responses, Defendant requested a discovery conference and specified the problems with Plaintiff's initial responses. Supplemental responses were requested by October 16, 2000, and Plaintiff's deposition was set for a third time on October 24, 2000. No responses have been forthcoming nor has the plaintiff been deposed.

You have left messages stating that your efforts to supplement the discovery responses are continuing, however, I am concerned about the October 31, 2000, deadline for the filing of Defendant's motion for summary judgment. As you know, I have a second motion requesting an extension of this deadline, and was willing to send a courier to your office today so that we could file this motion immediately. However, because you cannot give me a firm date in which Plaintiff will definitively supplement her responses and/or a definitive date wherein Plaintiff can be deposed, I do not know how much time I need to ask the Court to give Defendant.

J. Courtney Wilson, Esq.
October 25, 2000
Page - 2 -


     I have asked for these dates since October 11, 2000. Accordingly, if no definitive answers are provided by the close of business tomorrow, I will file a motion to compel responses to written discovery, to compel the Plaintiff's deposition, and to postpone Defendant's summary judgment deadline.

     Thank you for your attention.

               Sincerely,

               EDDIE J. JORDAN, JR.
               UNITED STATES ATTORNEY


               SANDRA E. GUTIERREZ
               Assistant United States Attorney

Enclosures

bcc:    Steve Coney

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Sandra E. Gutierrez
Assistant United States Attorney

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA 70130*

*Telephone: (504) 680-3124*
*Fax: (504) 589-3602*

February 13, 2001

*via facsimile*

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:  ***Reshone M. Stewart versus William J. Henderson, Postmaster General,***
  USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

  I write concerning several issues which require immediate attention: (1) according to the Court's scheduling order, Plaintiff's pre-trial order inserts were due to me *yesterday*; (2) pursuant to the Federal Rules of Civil Procedure, Plaintiff has an ongoing duty to supplement her discovery responses, and to date Plaintiff has not responded to certain interrogatories, including number 20; (3) a date must be chosen to depose Plaintiff respective to her damages; and (4) you filed a "Court-Permitted Response to Defendant's Reply on Motion for Summary Judgment," and I did not receive a copy as required.

  Under cover of letter please find a proposed Consent Privacy Protective Order. Thank you for your immediate attention to this matter.

  Sincerely,

  EDDIE J. JORDAN, JR.
  UNITED STATES ATTORNEY

  SANDRA E. GUTIERREZ
  Assistant United States Attorney

Enclosures

GOVERNMENT
EXHIBIT
C

PENGAD-Bayonne, N.J.

bcc:    Lisa A. Stegall, Esq.

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Sandra E. Gutierrez*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA  70130*

*Telephone: (504) 680-3124*
*Fax: (504) 589-3602*

February 14, 2001

*via facsimile*

J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

Re:    ***Reshone M. Stewart versus William J. Henderson, Postmaster General,***
        USDC, Eastern District of Louisiana, Civil Action 00-0114 N(2)

Dear Mr. Wilson:

        I write to document my reply to your responses, received by me last night, to the four issues I raised yesterday.  I will address only the first two issues, and in the order raised in yesterday's correspondence.

        First, you simply need look at Record Document 17, filed into the record on December 8, 2000, to determine the date Plaintiff should have provided me with the pre-trial order inserts on February 12, 2001.  According to the Court's scheduling order, the pre-trial order is due Tuesday, February 20, 2001, in less than a week!  I need your inserts as soon as possible.

        Second, I will telephone you this afternoon to discuss outstanding discovery requests, pursuant to local rule 37.1.  Your proposed witness list is not responsive to interrogatory number 20.  Defendant specifically requested a summary of the witnesses' expected testimony and their contact information, this has not been provided.

J. Courtney Wilson, Esq.
February 14, 2001
Page - 2 -

Thank you for your attention.

Sincerely,

EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY

SANDRA E. GUTIERREZ
Assistant United States Attorney

bcc:   Lisa A. Stegall, Esq.