

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 20  AM II: 37

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RESHONE M STEWART                    CIVIL ACTION

versus

                                     JUDGE CLEMENT
WILLIAM J HENDERSON,                 MAG. WILKINSON
    POSTMASTER GENERAL       NO. 00-0114 N/2

## EX PARTE MOTION AND MEMORANDUM FOR LEAVE TO FILE RESPONSE TO OPPOSITION TO EXPERT REPORT

Plaintiff moves for leave to file the attached pleadings, mistitled with the

same title as the captioned, on the grounds that the opposition raises several points

which need a response.

Respectfully submitted,

/ Courtney Wilson

J Courtney Wilson 13561
210 Baronne
New Orleans, La 70112
525-4361

CERTIFICATE OF SERVICE
I certify a copy of this Pleading was served by mail upon
all Counse of Record
2/17/01
                    Attorney at Law

## O R D E R

IT IS ORDERED that plaintiff be granted leave to file a response to the

opposition to expert report.

New Orleans, La., this _____ day of February _____, 2001.

DATE OF ENTRY
FEB 2 1 2001

Denied as unnecessary
2-20-01

Fee
Process
X Dktd
Ctr...Dep
Doc.No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RESHONE M STEWART                          CIVIL ACTION

versus

                                           JUDGE CLEMENT
WILLIAM J HENDERSON,                       MAG. WILKINSON
    POSTMASTER GENERAL                     NO. 00-0114 N/2

*Ex Parte*

## MOTION AND MEMORANDUM FOR LEAVE TO FILE RESPONSE TO ` OPPOSITION RE EXPERT REPORT

As the court will notice, the motion for summary judgment was continued for

one month from September 26 to October 31, 2000 and then again to December 20,

2000 with plaintiff's opposition due January 19, 2001.  This last continuance was

granted when trial with its dates was continued from January 29 to March 5, 2001.

When trial was continued, plaintiff's expert report was due February 7, 2001 a date

the parties contemplated would be after a determination of the motion for summary

judgment.  Accordingly, if the motion were granted plaintiff would not be put to the

expense of an unnecessary expert report.  However, the motion is still pending with

plaintiff's reply due tomorrow (February 12, 2001) so that unless plaintiff secures an

extension she will have to take the expensive risk of securing an expert report

before determination of the motion, a situation that both parties sought to avoid each

Process____
Dktd_____
CtRmDep_____
Doc.No._____

for itself in the order continuing the trial.

The defendant's expert report is "unexpected" because the examination was "unexpected." It proceeded before plaintiff's exam and well in advance of the February 14, 2001 deadline which, like plaintiff's deadline, was set *after* determination of the motion for summary judgment. Despite discussion with counsel for plaintiff about the economic disincentive of proceeding with the defense examination, counsel for defendant, for reasons known wholly by her, went ahead with it.

Plaintiff suggests that there has been an inadvertent mix-up in the scheduling order. However, that confusion should not prevent plaintiff from obtaining an extension of time in which to file her expert report. Defendant has not really been prejudiced since it elected to have her examined and file a report without benefit of a prior report from plaintiff and without asking for a legible copy of the notes of plaintiff's doctor. Had a legible copy been requested (or the doctor deposed) the latter problem could have been cured.

Plaintiff suggests that the pre-trial conference be converted to a status conference and continued to a date that will not upset the trial date. The plaintiff's expert report due date can be inserted at an appropriate date in this sequence.

Finally, plaintiff notes that no settlement conference was required and none has been scheduled.

Respectfully submitted,

J. Courtney Wilson 13561
210 Baronne
New Orleans, La 70112
525-4361

## CERTIFICATE OF SERVICE

I CERTIFY A COPY OF THIS PLEADING WAS SERVED
BY MAIL UPON ALL COUNSEL OF RECORD

ATTORNEY AT LAW