FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 20 PM 4: 36

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
WILKINSON, M.J.
FEBRUARY 20, 2001

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RESHONE M. STEWART | CIVIL ACTION |
| VERSUS | NO. 00-114 |
| WILLIAM J. HENDERSON | SECTION "N" (2) |

    Pending before me is plaintiff's motion for leave to file out-of-time witness and exhibit lists. The motion seeks leave to make the disclosures required by Fed. R. Civ. P. 26(a)(3)(A) and (c) about two months past the deadline established in the court's previous order, Record Doc. No. 13, and less than two weeks before trial.

    Defendant opposes the motion on grounds that he will be prejudiced in his ability properly to prepare for trial, since plaintiff's late witness list contains eight names of witnesses who were not previously identified by plaintiff. In the alternative, if the late

DATE OF ENTRY
FEB 2 1 2001

disclosures are permitted, defendant seeks a trial continuance so that the prejudice caused by plaintiff's counsel's dilatory practices might be cured. Plaintiff's counsel has filed a reply memorandum in which he admits "a lack of full cooperation" on his part and states that "plaintiff has no objection to a continuance."

Plaintiff's motion is governed by two possible standards. On one hand, a scheduling order of the type plaintiff seeks to extend "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). On the other hand, in considering whether to enforce a Rule 16 scheduling order, as for example by prohibiting plaintiff from calling witnesses or using exhibits at trial that were not timely identified, the court must consider the following factors: (1) the explanation for the failure to identify witnesses and/or exhibits; (2) the importance of the testimony or exhibits; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 324 (5th Cir. 1998); <u>Campbell v. Keystone Aerial Surveys, Inc.</u>, 138 F.3d 996, 999 (5th Cir. 1998).

The explanation of plaintiff's counsel for his failure to make the required disclosures is that he "forgot." This lame explanation does not establish good cause and weighs in favor of enforcing the court's scheduling order. However, the testimony of the witnesses plaintiff seeks to identify appears important. This is a hostile environment sexual harassment case in which plaintiff faces a difficult burden of proof and a substantial

affirmative defense. Plaintiff should not be penalized in her ability to bear this burden based on the forgetfulness of her counsel, and this factor weighs in favor of permitting the late filing and relaxing the Rule 16 scheduling order. On the other hand, plaintiff's counsel's dilatoriness has prejudiced defendant in his ability properly to defend the case. A trial continuance will cure such prejudice, defendant has moved for a continuance, and plaintiff indicates no objection.

Accordingly, plaintiff's motion is granted, but defendant's motion for a trial continuance is also granted. A new Rule 16 scheduling order will be issued separately. This is the second trial continuance permitted by the court in this matter, and other deadlines have been extended in the past at the request of counsel to accommodate the parties. Record Doc. No. 9, 13, 16, 26 and 28. Counsel are hereby notified -- particularly plaintiff's counsel -- that no further continuances or extensions of deadlines will be permitted, even if they are submitted on joint motion. Get this case ready for trial.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE