FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR -3 PM 4:42

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | | |
| | * | JUDGE CLEMENT |
| **WILLIAM J. HENDERSON,** | * | MAGISTRATE WILKINSON |
| **POSTMASTER GENERAL** | | |
| | * * * | |

## MOTION TO STRIKE
## DESIGNATION OF EXPERT WITNESS

**NOW INTO COURT,** through the undersigned Assistant United States Attorney, comes William J. Henderson, Postmaster General, who moves this Honorable Court to limit Dr. Indira M. Kailas' testimony to that of a treating physician/fact witness only, and not



-1-

allow Dr. Kailas to testify as an expert, for the reasons set forth in the memorandum attached hereto.

        Respectfully Submitted,

        **EDDIE J. JORDAN, JR.**
        **UNITED STATES ATTORNEY**

BY: *[signature]*
        SANDRA E. GUTIERREZ
        **Assistant United States Attorney**
        LA Bar #17888
        Hale Boggs Federal Building
        501 Magazine Street, 2nd Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 680-3124
        Fax: (504) 589-3602

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 3rd day of April, 2001.

_____
SANDRA E. GUTIERREZ

*Reshone M. Stewart, plaintiff*
*through attorney of record,*
J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | | |
| | * | JUDGE CLEMENT |
| **WILLIAM J. HENDERSON,** | * | MAGISTRATE WILKINSON |
| **POSTMASTER GENERAL** | | |
| | *  *  * | |

### MEMORANDUM IN SUPPORT OF
### MOTION TO STRIKE DESIGNATION OF EXPERT WITNESS

**MAY IT PLEASE THE COURT:**

Plaintiff is employed at the United States Postal Service, in New Orleans, Louisiana, and has filed suit pursuant to Title VII of the Civil Rights Act of 1964, alleging that she was a victim of sexual harassment, and that she suffered retaliatory discrimination. *See* Rec. Doc. 1, Complaint.

This Court issued a Minute Entry dated February 20, 2001, wherein cut-off dates and deadlines were delineated. *See* Rec. Doc. 37. This Court mandated: "Written reports of

-1-

experts who may be witnesses for Plaintiffs fully *setting forth all matters about which they will testify and the basis therefor* shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than March 9, 2001. *See* Rec. Doc. 37. In response, Plaintiff forwarded a copy of a letter from Dr. Indira M. Kailas, dated February 19, 2001, to Defendant.[1] *See* Exhibit A, attached hereto.

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "...a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). With regard to the required disclosure, Rule 26(a)(2)(B) goes on to state that: "The report shall contain a complete statement of all opinions to be expressed and the bases and reasons therefore; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed. R. Civ. Pro., Rule 26(a)(2)(B).

Defendant submits that the attached narrative from Dr. Kailas does not comply with

---

[1] Dr. Kailas submitted an addendum to this letter on March 14, 2001, after she was deposed by Defendant. *See* Exhibit B, attached hereto; *see also* Rec. Doc. 39.

this Court's Minute Entry of February 20, 2001, nor with Rule 26 of the Federal Rules of Civil Procedure. In addition to lacking the specific requirements of Rule 26, Dr. Kailas' "report" lacks opinions with respect to medical causation, and the alleged "disability" suffered by Plaintiff.[2]

Rule 37 of the Federal Rules of Civil Procedure states: "[A] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). In determining whether or not to exclude a witness's testimony under Rule 37, the Court is to consider the following factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, given for the party's failure to comply with the discovery order. *See* Sierra Club, Lone Star Chap v. Cedar Point Oil, 73 F.3d 546, 572 (5th Cir. 1996) (*citing* Bradley v. United States, 866 F.2d 120, 125 (5th Cir. 1989)).

Accordingly, Defendant moves this Court to limit Dr. Kailas' testimony to that of a fact witness. As Plaintiff's treating physician, Dr. Kailas may testify in this case to the extent

---

[2] On March 7, 2001, Plaintiff filed a Plaintiff Witness List which indicated that Dr. Indira Kailas will testify to Plaintiff's emotional distress and *disability*. *See* Exhibit C, attached hereto.

that her testimony is based on her observations made while treating Plaintiff. Dr. Kailas should not be permitted to testify as to medical causation, including causation of Plaintiff's alleged disability.

Additionally, it is a well-settled rule of law that employee-experts who acquire information for trial solely because they were actors or viewers with respect to the occurrences forming the subject matter of the lawsuit must be treated as ordinary fact witnesses, and not as experts. Young v. United States, 181 F.R.D. 344, 346 (W.D. Tex. 1997), citing Dallas v. Marion Power Shovel Co., Inc., 126 F.R.D. 539, 540-41 (S.D.Ill.1989). Accordingly, a treating physician generally must be considered an ordinary fact witness, unless the physician has been specifically retained to develop an expert opinion. Young, 181 F.R.D. at 346, citing Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y.1995); Mangla v. University of Rochester, 168 F.R.D. 137 (W.D.N.Y.1996);, 163 F.R.D. 348 (D.Colo.1995).

Moreover, in the instant case Dr. Kailas' role as Plaintiff's treating physician may conflict with her forensic role at the trial of this matter. At her deposition, Plaintiff testified that her mother suffered with schizophrenia, and therefore Defendant attempted to question Dr. Kailas about Plaintiff's mother. Dr. Kailas refused to supply information about Plaintiff's mother. *See* Exhibit D, attached hereto.

Therefore, Defendant respectfully prays that this Court issue an order striking Dr. Kailas' designation as an expert witness, and not allow Dr. Kailas to testify as to medical causation, including causation of Plaintiff's alleged disability.

Respectfully Submitted,

**EDDIE J. JORDAN, JR.**
**UNITED STATES ATTORNEY**

BY: *[signature]*
**SANDRA E. GUTIERREZ**
**Assistant United States Attorney**
LA Bar #17888
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3124
Fax: (504) 589-3602

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 3rd day of April, 2001.

_____
SANDRA E. GUTIERREZ

# Kailas & Associates, APMC

4051 Veterans Blvd.   Suite 301   Metairie, La 70002
Phone (504) 887-6088   Fax (504) 456-7800

February 19, 2001

Mr. Courtney Wilson
Attorney at Law
FNBC Building
210 Baronne Street
Suite 1800
New Orleans, La 70112

RE: Reshone Stewart Sorrell

Dear Mr. Wilson:

Ms. R. S. Sorrell came to me as an emergency on September 22, 1997. She was having problems at work with her immediate supervisor sexually harassing her. He was not only harassing her verbally; he was also touching her. She waited until she was off her probation to file a complaint. When I first saw her, she was having thoughts of hurting him; she was not able to stop thinking of him when she left work which in turn caused problems at home. She was irritable, not able to sleep and could not enjoy things that she always did.

She had similar problems when she was in the military and it was proved to be true and the gentleman was discharged.

I advised to get psychological testing done to see if she had any underlying paranoia but Mr. Sorrell did not comply. I started her on the antidepressant EFFIXOR that she responded to, but had to discontinue, as she became pregnant.

Ms. Sorrell saw me on a weekly basis until she started monthly counseling through E.A.P. It took her a few months to learn to deal with the stress at work and she started to enjoy her children and her life. She still feels that people at work know about the complaints and watcher her and talk about her. I did not see her for five (5) months from January 8, 1998 to June 24, 1998.

Ms. Sorrell started seeing me again in June 1999, after her baby was born. She has been complaining of the stress at work causing her to have crying spells irritability and an inability to sleep. She feels that supervisors are threatened by her assertiveness and are intentionally discriminating against her. She was in a class action suit and her name was dropped without her knowledge. She feels her pay was "messed". Miss Sorrell feels that the supervisors talk about her, watch her and single her out.

GOVERNMENT EXHIBIT A

Miss Sorrell continued to see me on a monthly basis. Most of the time she was able to function well at work and at home as long as she did not see this gentleman. In the last months of 2000, she saw this gentleman staring at her and following her at the casino. This happened a few times which brought back the old memories. Sometimes she felt like giving up but decided against to prove her point. She was not very happy seeing another psychiatrist for evaluation as she had to relive the whole situation.

Regarding her medication, she was not very happy as she felt her depression was secondary to the situation at work and wanted to deal with it on her own though she agreed to take PAXIL which did help her.

In summary, I have been knowing Ms. Sorrell since September of 1997. Basically she has been able to take care of her family in spite of the frustrations at work. She did have some problems in her relationship with her husband due to her irritability and nightmares.

Diagnosis:
- Axis I: adjustment disorder with depressed mood
- Axis II: none
- Axis III: headaches, vasovagal syncope
- Axis IV: stress at work
- Axis V: 70-80

Prognosis: Good

Recommendation:
1. continue medication
2. individual therapy

Sincerely,

*Indira Kailas*
Indira M. Kailas

## KAILAS AND ASSOCIATES
### 4051 VETERANS BLVD.
### SUITE 301
### METAIRIE, LA 70002
### PH. (504) 857-6088 FAX (504) 456-7800

March 14, 2001

J. Courtney Wilson
Attorney
First National Bank of Commerce Building
210 Baronne St. Suite 1803
New Orleans, LA 70112-1720

Re   Reshone Stewart

Addendum to the letter dated February 19, 2001

Miss Stewart saw me on March 12, 2001. We discussed the side effects of Paxil and her reason for non-compliance. She said she was embarrassed to talk to me about decreased interest in sexual activity when she takes Paxil

Paxil also was making her feel disinterested in daily household duties. She would spend all day in bed when she took Paxil. She had to decide either to be irritable, frustrated and cry or be in bed all day.

We talked about her being more open with me and change of needs.

I have changed her to Zoloft and gave her samples. She will call me with any adverse effects. If she was compliant with needs it would not cure her job related stress.

If you need any further information please feel free to contact me.

Sincerely,

*Indira Kailas*
Dr Indira Kailas


IK/dg

GOVERNMENT EXHIBIT B

*Hand note for added witness. TCW*

*U.S. RECEIVED EAST DISTRICT COURT DISTRICT OF LA 2001 MAR -7 PM 3:06 LORETTA G. WHYTE CLERK*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RESHONE M STEWART | CIVIL ACTION |
| versus | |
| WILLIAM J HENDERSON, POSTMASTER GENERAL | JUDGE CLEMENT<br>MAG. WILKINSON<br>NO. 00-0114 N/2 |

## PLAINTIFF WITNESS LIST

Plaintiff - Per deposition
Her husband - Emotional distress of plaintiff
Kailas, Indira, M.D.- Emotional distress of plaintiff, Disability.

Any witness listed by defendant
Blackwell, Brenda - complaints by plaintiff; harassment by Pierce
Brooks, Robert - reports via e-mail of plaintiff as troublemaker and efforts to re-assign her
Burrell, Todd - Pierce's biting plaintiff; use of the term "freak", and other harassment of plaintiff
Coleman, Elemuel - complaint of harassment by plaintiff; response of defendant and Pierce; "priors" by Pierce
Domino, Travella - threat by Pierce
Johnson, Melanie - management view of plaintiff as "trouble"
Kirkland, Keith - Pierce's reaction to accusations of sexual harassment
Lucien, Kathleen - harassment by Pierce
Price, Seymore - complaint of harassment by plaintiff; response of defendant and Pierce; "priors" by Pierce
Rowel, Cornell - complaint of harassment by plaintiff; response of defendant and Pierce; harassment by Pierce of plaintiff; "priors" by Pierce
Ruda, Anthony - response to transfer of plaintiff and defendant's reaction
Smith, Rosalyn - harassment of plaintiff by Pierce

GOVERNMENT EXHIBIT C

Smith, Willie - Pierce's biting plaintiff; "sweet to eat" remark by Pierce to plaintiff; "priors" by Pierce.

Stewart, Stephen - harassment by Pierce; "priors" by Pierce; response of defendant to complaints about Pierce

Watson, Aubrey - transfer of plaintiff; defendant's response to complaints of harassment

Williams, Jesse - travel to hospital with plaintiff and Pierce

Williams, Ray - complaint of harassment by plaintiff; response of defendant and Pierce; remarks to plaintiff by Pierce; "priors" by Pierce

Coleman, Merette - surveillance by Pierce

### EXHIBIT LIST

Any exhibit listed by defendant, reserving all objections.
Witness statement, October 1998
All grievances and EEOC charges filed by plaintiff
Letter of Anthony Ruda

Respectfully submitted,

Courtney Wilson 13561
210 Baronne
New Orleans, La. 70112
525-4361

CERTIFICATE OF SERVICE
I certify a copy of this pleading was served by mail upon all Counsel of Record
3/7/01 /s/ J.C. Wilson
Attorney at Law

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
* * * * * * * * * * * * * * * * * *
                                   *
RESHONE M. STEWART                 *    CIVIL ACTION
                                   *    NO. 00-0114
VERSUS                             *
                                   *    SECTION "N"
WILLIAM J. HENDERSON, POSTMASTER   *    MAG (2)
GENERAL                            *
* * * * * * * * * * * * * * * * * *
```

　　　　　　Deposition of **INDIRA M. KAILAS, M.D.**, taken on Monday, March 5, 2001, in the offices of Dr. Kailas, Suite 301, 4051 Veterans Boulevard, Metairie, Louisiana, 70002.

APPEARANCES:

Representing the Plaintiff:　　COURTNEY WILSON, ESQ.
　　　　　　　　　　　　　　　　Attorney at Law
　　　　　　　　　　　　　　　　Suite 1800 FNBC Building
　　　　　　　　　　　　　　　　210 Baronne Street
　　　　　　　　　　　　　　　　New Orleans, LA, 70112

Representing the Defendant:　　U.S. ATTORNEY'S OFFICE
　　　　　　　　　　　　　　　　BY: SANDRA GUTIERREZ, ESQ.
　　　　　　　　　　　　　　　　Second Floor
　　　　　　　　　　　　　　　　Hale Boggs Federal Building
　　　　　　　　　　　　　　　　501 Magazine Street
　　　　　　　　　　　　　　　　New Orleans, LA, 70130

Reported by:　　　　　　　　　　JULIE M. CARROUM, CCR
　　　　　　　　　　　　　　　　Certified Court Reporter

GOVERNMENT EXHIBIT D

1  Q. Okay.
2  A. And raising her three small children, if you
3 call that a stressor, we all have stress. I won't put
4 that in mental health diagnosis.
5  Q. But you had just stated earlier that you had
6 agreed --
7  A. Yeah.
8  Q. -- with Dr. Ginzburg.
9  A. All the other things about his evaluation and
10 the history.
11  Q. Okay.
12  A. I mean, I can't remember every part of it.
13  Q. But you don't agree that there are other
14 stressors in her life besides the work?
15  A. Her husband's non-work related injury was a
16 very short term. He had an accident, and I think he had
17 a fracture, so he was off work for a few months.
18  Q. The last sentence before your diagnosis, you
19 state she did have some problems in her relationship
20 with her husband due to her irritability and her
21 nightmares?
22  A. Uh-huh (affirmative reply).
23  Q. Is that what we were just discussing, the
24 nature of these difficulties --
25  A. Yes, ma'am.

1   Q.   -- stemming from what she takes from work home?
2   A.   Yes.
3   Q.   And Ms. Stewart's mother, she's suffering from
4   schizophrenia?
5   A.   I don't have her permission to say that.
6   Q.   And it's your opinion that caring, as an only
7   child caring for a mother with schizophrenia or with
8   some mental condition does not increase distress on a
9   child?
10  A.   No.
11  Q.   Here in your prognosis you have good.  How long
12  do you expect to treat Ms. Stewart?
13  A.   I think as long as the case was, long enough
14  for that.  I don't know.
15  Q.   Are you talking about her litigation, her suit?
16  A.   Yeah, I think so.
17  Q.   This particular one that we're involved in?
18  A.   (Nods head affirmatively.)
19  Q.   And do you think that the medication would have
20  to continue as long as she's being --
21  A.   Yes.
22  Q.   -- being seen by you?
23  A.   Yes, ma'am.  I'm not sure about that too.  If
24  she starts handling her stress well and if her job
25  situation improves, then I will taper her off that.  I'm

```
1                    C E R T I F I C A T E
2

3              I, Julie M. Carroum, certified court
4   reporter, in and for the State of Louisiana, do hereby
5   certify that DR. INDIRA KAILAS, after having been first
6   duly sworn to testify to the truth, the whole truth and
7   nothing but the truth, did testify as hereinbefore set
8   forth in the foregoing one hundred two (102) pages;
9
10             That the testimony was reported by me in
11  shorthand and transcribed under my personal direction
12  and supervision, and is a true and correct transcript,
13  to the best of my ability and understanding;
14
15             That I am not of counsel, not related to
16  counsel, nor to the parties hereto, and am in no way
17  interested in the outcome of this event.
18
19                        _____
                          JULIE M. CARROUM, CCR
20                        Certified Court Reporter
21
22
23
24
25
```



OFFICIAL SEAL
JULIE M. CARROUM
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 85118
Certificate expires 12-31-01

**METROPOLITAN REPORTERS**
**(504) 365-0900**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | CIVIL ACTION |
| | * | NUMBER: 00-0114 "N" (2) |
| v. | * | JUDGE CLEMENT |
| **WILLIAM J. HENDERSON,** **POSTMASTER GENERAL** | * | MAGISTRATE WILKINSON |
| | * * * | |

## NOTICE OF MOTION

**TO:** *Reshone M. Stewart, plaintiff*
*through attorney of record,*
J. Courtney Wilson
First National Bank of Commerce Building
210 Baronne Street, Suite 1800
New Orleans, LA 70112-1720

**PLEASE TAKE NOTICE** that the undersigned will bring the foregoing motion for hearing before the **Honorable Judge Wilkinson,** United States Magistrate Judge, United States District Court, 500 Camp Street, New Orleans, Louisiana 70130, on **April 18, 2001**, at 11:00 o'clock A.M.

Uniform District Court Rules, LR 7.5E requires any opposition be filed eight (8) calendar days before this hearing date.

Respectfully Submitted,

**EDDIE J. JORDAN, JR.
UNITED STATES ATTORNEY**

BY: _____
SANDRA E. GUTIERREZ
**Assistant United States Attorney**
LA Bar #17888
Hale Boggs Federal Building
501 Magazine Street, 2nd Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3124

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 3rd day of April, 2001.

_____
SANDRA E. GUTIERREZ