FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 10 PM 3:04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RESHONE M STEWART | CIVIL ACTION |
| versus | |
| WILLIAM J HENDERSON, POSTMASTER GENERAL | JUDGE CLEMENT MAG. WILKINSON NO. 00-0114 N/2 |

### OPPOSITION TO MOTION TO LIMIT DR KAILAS' TESTIMONY

Plaintiff opposes defendant's motion. Defendant does not specify how the report does not conform to the Minute entry or Rule 26 so that part of the motion can not be opposed. However, as to the lack of an opinion of causation, the court is respectfully referred to paragraphs 1, 5, and 6 of the motion exhibit (report). As to the lack of an opinion about the disability of plaintiff, the court is respectfully referred to the attached pages of Dr Kailas' deposition which show that she is impaired at both home and work.

For these reasons the motion should be denied.

Respectfully submitted,

J Courtney Wilson 13561
210 Baronne
New Orleans, La. 70112
525-4361

**CERTIFICATE OF SERVICE**
I certify a copy of this Pleading was served by mail upon all Counsel of Record.
4/6/01 J C Wilson
Attorney at Law

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                           \*
RESHONE M. STEWART                         \*   CIVIL ACTION
                                           \*   NO. 00-0114
VERSUS                                     \*
                                           \*   SECTION "N"
WILLIAM J. HENDERSON, POSTMASTER           \*   MAG (2)
GENERAL                                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

       Deposition of **INDIRA M. KAILAS, M.D.**, taken on Monday, March 5, 2001, in the offices of Dr. Kailas, Suite 301, 4051 Veterans Boulevard, Metairie, Louisiana, 70002.

APPEARANCES:

| | |
|---|---|
| Representing the Plaintiff: | COURTNEY WILSON, ESQ.<br>Attorney at Law<br>Suite 1800 FNBC Building<br>210 Baronne Street<br>New Orleans, LA, 70112 |
| Representing the Defendant: | U.S. ATTORNEY'S OFFICE<br>BY: SANDRA GUTIERREZ, ESQ.<br>Second Floor<br>Hale Boggs Federal Building<br>501 Magazine Street<br>New Orleans, LA, 70130 |
| Reported by: | JULIE M. CARROUM, CCR<br>Certified Court Reporter |

1  what they said to you even though it's not detailed in
2  your notes?
3      A.  I don't remember exactly, but there was nothing
4  sexual about it.
5      Q.  Okay.  With respect to Dr. Ginzburg's report,
6  there is some language in it that because she conceived
7  and had a pregnancy, she's able to function at home in a
8  normal capacity.  Have you received any information that
9  there are marital difficulties perhaps in terms of lack
10 of sexual relationship between Reshone and her husband?
11     A.  Sometimes, yes.
12     Q.  Is that reflected in your diagnosis of 70 to
13 80?
14     A.  Yes.
15     Q.  For fully functioning people with no
16 psychiatric diagnoses, what is the normal numerical
17 rating please?
18     A.  I think it's 90.
19     Q.  Okay.  Well, could you check someplace?
20     A.  Sure.  Ninety.
21     Q.  Okay.  Are you aware of the trial date in this
22 case?
23     A.  I think she call me and told me it was
24 postponed for May.
25     Q.  Yes.  So I'm going to assume that you have

1  that date. I don't know the specific date, but -- and
2  what is your charge for trial testimony, assuming that
3  you testify, say, for half a day?
4     A.  I don't know. I have to check because -- I'll
5  have to check with my malpractice people or experts.
6     Q.  All right. If Ms. Stewart is reporting that
7  she sits at work in front of her computer and finds she
8  is not focusing on the computer and is distracted and is
9  getting poor job ratings as a result of that
10 distraction, is that something that you could tell me
11 you've heard from her before, or is that the first time
12 you're hearing that?
13    A.  No. I have heard that before.
14    Q.  Okay. Do you regard that distraction from her
15 computer work as a consequence of the sex harassment?
16    A.  Yes, sir.
17    Q.  Is that distraction from her computer work
18 reflected in your diagnosis of 70 to 80?
19    A.  I think so.
20    Q.  Is there a difference in the number you would
21 assign to her work disability as compared to the number
22 you would assign to her domestic at home disability?
23    A.  I'd have to look in the book again.
24    Q.  Please.
25    A.  For work related I would define at 60 with

1   moderate symptoms.
2       Q.   And her domestic?
3       A.   Domestic would still be 70 to 80 because she's
4   functioning pretty well at home.
5       Q.   I have no further questions.  Thank you.
6            MS. GUTIERREZ:  And that's it.  Thank you.
7                 (End of deposition.)