```
                                              FILED
                                       U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF LA

                                     2001 MAY 18 AM 9:33

                                       LORETTA G. WHYTE
                                              CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RESHONE M. STEWART** | * | **CIVIL ACTION** |
| | * | **NUMBER: 00-0114 "N" (2)** |
| v. | | |
| | * | **JUDGE CLEMENT** |
| **WILLIAM J. HENDERSON,** | * | **MAGISTRATE WILKINSON** |
| **POSTMASTER GENERAL** | | |
| | * * * | |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO AMEND PRE-TRIAL ORDER

**MAY IT PLEASE THE COURT:**

Defendant, William J. Henderson, Postmaster General, files this Opposition Memorandum in response to Plaintiff's Motion and Memorandum for Leave to Amend Pre-Trial Order filed May 17, 2001. *See* Rec. Doc. 53. Because the trial in this matter is scheduled to begin in less than one week, Defendant vehemently opposes this motion because if granted, Defendant will be denied a reasonable opportunity to prepare and defend against the evidence suggested therein.

-1-



This Court has postponed this instant case's trial date on two prior occasions. In the last instance a continuance was granted upon Defendant's request because of Plaintiff's similar request: less than two weeks before trial, Plaintiff wanted eight witnesses to be included on her trial witness list that had not been previously identified. *See* Rec. Doc. 36. Presently, *four days before trial*, Plaintiff moves to add four new witnesses to her trial list that have not been previously identified. *See* Rec. Doc. 53.

In granting the second trial continuance, this Court notified counsel, in particular Plaintiff's counsel, that no further continuances or extensions of deadlines will be permitted, and that counsel should prepare for trial. *See* Rec. Doc. 36.

Plaintiff filed the instant suit on January 12, 2000, and offers no "good cause" for the dilatoriness in the discovery of these four witnesses. *See* Rule 16(b), Federal Rules of Civil Procedure. Defendant will be extremely prejudiced if these four witnesses are made part of Plaintiff's case-in-chief because there is literally no time to discover and investigate their claims, and to develop a defense, in response to their allegations.

"Rule 16(e) instructs judges to enter pre-trial orders to define the scope of issues at trial. We have said that the district court should construe such orders narrowly because a 'failure to adhere to such a rule would bring back the days of trial by ambush and discourage timely preparation by the parties for trial.'" Riquelme Valdes v. Leisure Resource Group, Inc., 810 F.2d 1345, 1357 (5th Cir. 1987) (*quoting* Swift v. State Farm Mutual Auto

Insurance Co., 796 F.2d 120 (5th Cir. 1986)). This Court embraced this policy in its minute entry of February 20, 2001, and in order to adhere to this notion of fair play, the Court should deny Plaintiff's motion to amend the Pre-Trial Order or continue the trial for a third time.

For the foregoing reasons, Defendant prays that Plaintiff's motion be denied.

Respectfully submitted,

**JIM LETTEN
UNITED STATES ATTORNEY**

By: _____
**SANDRA E. GUTIERREZ
Assistant United States Attorney**
La. Bar Roll 17888
501 Magazine Street, Room 205
New Orleans, LA 70130-3395
(504) 589-2921

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties to this proceeding *by facsimile and by mailing* the same to each by first class United States mail, properly addressed and postage prepaid on this 18th day of May, 2001.

_____
SANDRA E. GUTIERREZ